**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| JANIS BROWNE, AS PERSONAL ) <br> REPRESENTATIVE FOR SHENIKA GORE, ) <br> and JEANEISHA MCFARLANE ) <br> ) <br>         **Plaintiffs,** ) <br>   v. ) <br> ) <br> GENERAL MOTORS, LLC; ATLANTIC ) <br> RESEARCH CORPORATION; ARC ) <br> AUTOMATIVE, INC.; AUTOLIV, INC.; ) <br> KM&I CO. LTD.; FAURECIA; FAURECIA ) <br> NORTH AMERICA; and FAURECIA ) <br> NAO, INC., ) <br> ) <br>         **Defendants.** ) <br> _____) | **Civil Action No. 2016-0085** |

**Attorneys:**
**Ryan W. Greene, Esq.,**
St. Thomas, U.S.V.I.
    *For the Plaintiffs*

**Daryl C. Barnes, Esq.,**
**Paul R. Neil, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant General Motors, LLC*

**Jennifer Quildon Brooks, Esq.,**
Miami, FL
    *For Defendants Atlantic Research Corporation*
    *and ARC Automotive, Inc.*

**Mark D. Hodge, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant KM&I Co. Ltd.*

**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants Faurecia, Faurecia*
    *North America, & Faurecia NAO, Inc.*

**ORDER**

THIS MATTER is before the Court on the "Stipulation for Dismissal of the Faurecia Entities," filed by Plaintiffs Janis Browne, as Personal Representative for Shenika Gore, and Jeaneisha McFarlane, and Defendants Faurecia, Faurecia North America, and Faurecia NAO, Inc., (collectively the "Faurecia Entities"), on July 28, 2017. (Dkt. No. 67). In their Stipulation, Plaintiffs and the Faurecia Entities state that they "stipulate to dismiss this matter with prejudice pursuant to Fed. R. Civ. P. 41(a)," with "[e]ach party [to] bear their own costs and fees." *Id*. at 1. Plaintiffs and the Faurecia Entities further represent that "all parties who have appeared in this matter consent to the dismissal of Plaintiffs' claims against the Faurecia Entities." *Id*.

Fed. R. Civ. P. 41(a)(1)(A)(ii) states that: "[T]he plaintiff may dismiss an action without a court order by a stipulation of dismissal *signed by all parties who have appeared*." (emphasis added). But contrary to Rule 41(a)(1), all the parties who have appeared in this action have not signed the Stipulation for Dismissal. Specifically, Defendants General Motors, Atlantic Research Corporation, Arc Automative, Autoliv, and KM&I—all of whom have appeared in this action— have not signed the Stipulation. *See Degregorio v. O'Bannon,* 86 F.R.D. 109, 118–19 (E.D. Pa.1980) (requiring all defendants to sign the stipulation of dismissal despite the fact the plaintiff only sought to dismiss a select number of defendants); *see also Best Indus. (Pvt), Ltd. v. Pegasus Mar., Inc.*, 2013 WL 2468030, at *2 (S.D.N.Y. June 7, 2013) (requiring all defendants who have appeared in the case to sign the stipulation of dismissal); *Alholm v. American S.S. Co.,* 167 F.R.D. 75, 79–80 (D. Minn. 1996) (holding that because some of the defendants did not execute the stipulation, there could not be a dismissal under Rule 41(a)(1)(A)(ii))). Thus, the Stipulation for Dismissal was not properly signed in accordance with Fed. R. Civ. P. 41(a)(1)(A)(ii).

However, the Court may exercise its discretion to consider a defective Rule 41(a)(1) dismissal as a motion to dismiss under Fed. R. Civ. P. 41(a)(2),[1] and dismiss the action where appropriate. *See Degregorio*, 86 F.R.D. at 119 (finding that although a stipulation of dismissal which all parties had not signed was defective, "in any event, the dismissal sought would be one under Rule 41(a)(2), 'By Order of Court,' not one by stipulation"). *See also Ross v. Raymark Indus., Inc.*, 1985 WL 5035, at *2 (E.D. Pa. Dec. 30, 1985) ("[d]ismissal by this Court's order under Rule 41(a)(2) is within the discretionary power of this Court") (citing *Ockert v. Union Barge Line Corp.*, 190 F.2d 303 (3d Cir. 1951)). Here, the Court finds that granting dismissal is appropriate because Plaintiffs and the Faurecia Entities have represented that "all parties" have "consented" to the dismissal, and none of the other Defendants have opposed the Stipulation for Dismissal, notwithstanding that the Stipulation was filed over ten months ago. Accordingly, while the Court rejects Plaintiffs and the Faurecia Entities' "Stipulation for Dismissal" pursuant to Rule 41(a)(1)(A)(ii), it will exercise its discretion to accept the Stipulation for Dismissal as a motion to dismiss under Rule 41(a)(2).

**UPON CONSIDERATION** of the "Stipulation for Dismissal of the Faurecia Entities," it is hereby

**ORDERED** that the "Stipulation for Dismissal of the Faurecia Entities," pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), is **REJECTED**; and it is further

---

[1] Federal Rule of Civil Procedure Rule 41(a)(2) provides, in relevant part, that: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

**ORDERED** that the "Stipulation for Dismissal of the Faurecia Entities," which is accepted as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2), is **GRANTED**; and it is further

**ORDERED** that all claims against the Faurecia Entities are **DISMISSED** pursuant to Fed. R. Civ. P 41(a)(2); and it is further

**ORDERED** that the "Motion to Dismiss for Lack of Jurisdiction," filed by Defendant Faurecia on April 27, 2017 (Dkt. No. 38) is **DENIED** as **MOOT**; and it is further

**ORDERED** that the "Motion to Dismiss for Lack of Jurisdiction," filed by Defendants Faurecia North America and Faurecia NAO, Inc., on April 28, 2017 (Dkt. No. 42) is **DENIED** as **MOOT**.

**SO ORDERED**.

Date: June 4, 2018  _____/s/_____
WILMA A. LEWIS
Chief Judge