IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| JANIS BROWNE, AS PERSONAL REPRESENTATIVE FOR SHENIKA GORE, | § § § | Case No.: 1:16-cv-00085-WAL-GWC |
| AND | § § | |
| JEANEISHA MCFARLANE Plaintiffs, | § § § | ACTION FOR DAMAGES |
| v. | § § § | |
| GENERAL MOTORS, LLC | § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## GENERAL MOTORS LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF VIDEOTAPED DEPOSITION OF A CORPORATE DESIGNEE OF DEFENDANT, GENERAL MOTORS, LLC

General Motors LLC ("GM LLC") makes the following responses and objections to Plaintiffs' Notice of Videotaped Deposition of a Corporate Designee of Defendant, General Motors LLC.

### PRELIMINARY STATEMENT

The vehicle involved in this case is a 2009 Chevrolet Aveo 4-door notchback sedan with Vehicle Identification Number ("VIN") KL1TD56E19B668691. In their complaint, Plaintiffs allege that on January 1, 2015, Shenika Gore was the right front passenger and Plaintiff Jeaneisha McFarlane was the left rear passenger in the 2009 Chevrolet Aveo when it crossed the center line and struck a 2014 Jeep Grand Cherokee on Northside Road in Frederiksted, St. Croix. Plaintiffs allege that the passenger front airbag did not deploy resulting in injuries that caused the death of Shenika Gore and the driver seat failed resulting in injuries to Plaintiff Jeaneisha McFarlane. GM LLC denies these allegations.

### VEHICLE SCOPES

The 2009 Chevrolet Aveo 4-door notchback sedan is part of GM's T-Car platform. The T-

1

Car platform is composed of both 5-door hatchbacks and 4-door notchback sedans. These vehicles are marketed in North America as Chevrolet Aveo, Chevrolet Aveo5 and Pontiac G3. The 2009 Chevrolet Aveo VIN KL1TD56E19B668691 ("subject vehicle") was manufactured on or about May 12, 2009, at GM's Bupyeong Plant in South Korea.

The T-car program was designed and engineered by General Motors Daewoo Auto & Technology (GMDAT) located in South Korea (GMDAT has since been renamed to GM Korea). The program begins with the T200 vehicles, which were first introduced in the 2004 model year in North America. The Aveo (hatchback and notchback) was changed in 2006 and designated as the T210 vehicle program. Changes from the T200 vehicle program included a dual-stage airbag system with an IEE OC automatic passenger suppression system.

In the 2007 model year, a major re-design was made to the four-door notchback sedan under the new program T250. The vehicle received an all-new sheet metal exterior and a roomier interior for better occupant accommodation. In addition to a redesigned front structure, the T250 Aveo body structural changes included new front and rear side door inner structure and door beams, as well as a reinforced B-Pillar, for improved side impact performance. Further, due to new seat trim, the suppression calibration was changed, and the algorithm was modified from V3x to V4x. The 2008 T-cars' suppression calibration was modified from V4x to V8x.

Similarly, a major re-design was made to the five-door hatchback under the new T255 program in the 2009 model year. The T250 Aveo notchback was replaced by a notchback designated in the T255 vehicle program. The T255 had a different front structure than the T210, and the Pontiac G3 was introduced in the US from the T255 vehicle program. The sensing system supplier was changed to Autoliv. The sensing system includes an SDM-C located at the center tunnel and two electronic front sensors that are mounted on the left and right headlight support panel uppers. The change in sensing suppliers resulted in a different sensing algorithm, hardware, software, and calibration than what was used in previous years. Additionally, an IEE OC suppression system with different calibration and design was incorporated in 2009. The front seat

2

structures were also modified for the 2009 model year.

The Chevrolet Aveo was replaced by the Chevrolet Sonic for the 2012 MY.

## PASSENGER FRONT AIRBAG SCOPE

For Plaintiffs' passenger front airbag non-deployment allegations, the scope of vehicles with substantially similar passenger front airbags as the subject vehicle includes the vehicles listed below:

- 2009 – 2011 Chevrolet Aveo;
- 2009 – 2010 Pontiac G3.

## FRONT SEAT SCOPE

The driver and right front passenger seats in the 2009 Chevrolet Aveo are bucket seats, and they are the assembly of several major sub-assemblies/components:

The *seat back*, which consists of the back cushion and frame;
The *seat cushion*, which consists of the bottom cushion and frame;
The *seat track*, which provides fore and aft movement and anchorage of the seat to the vehicle;
The *seat adjuster*, which controls the movement of the seat and can be either manual or power;
The *seat recliner,* which allows the seat back to rotate relative to the seat bottom;
The *head restraint*, which provides support for the head in a rear impact.

Based on Plaintiffs' allegations, the appropriate scope regarding the driver seat assembly is the front bucket seats released for the vehicles listed below:

- 2009 – 2011 Chevrolet Aveo;
- 2009-2010 Pontiac G3.

For the purposes of these discovery responses, the terms "seat structure", "seat assembly" and "seat system" shall refer to the above-mentioned components for the driver and right front passenger seats of the subject vehicle.

## AREAS OF INQUIRY

**AREA OF INQUIRY NO. 1:** The experience and background of the deponent.

**RESPONSE TO AREA OF INQUIRY NO. 1:** GM LLC will produce for deposition a witness who will testify about his or her experience and background.

**AREA OF INQUIRY NO. 2:** All facts concerning the subject accident.

**RESPONSE TO AREA OF INQUIRY NO. 2:** GM LLC objects to this area of inquiry because it is premature and seeks expert witness testimony.

**AREA OF INQUIRY NO. 3:** The corporate relationship between General Motors and Chevrolet.

**RESPONSE TO AREA OF INQUIRY NO. 3:** GM LLC objects to this area of inquiry because it seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 4:** Design, function, and testing of the occupant presence sensing system in the subject vehicle.

**RESPONSE TO AREA OF INQUIRY NO. 4:** GM LLC will produce for deposition a witness who is generally knowledgeable about the design, function and testing of the occupant presence sensing system in the front passenger seat in the 2009 Chevrolet Aveo.

**AREA OF INQUIRY NO. 5:** Design, function, and testing of the Sensing Diagnostic Model in the subject vehicle.

**RESPONSE TO AREA OF INQUIRY NO. 5:** GM LLC does not understand the term "Sensing Diagnostic Model." GM LLC will produce for deposition a witness who is generally knowledgeable about the design, function and testing of the Sensing Diagnostic Module ("SDM") in the 2009 Chevrolet Aveo.

**AREA OF INQUIRY NO. 6:** Design, function, and testing of the front passenger airbag system in the subject vehicle.

**RESPONSE TO AREA OF INQUIRY NO. 6:** GM LLC will produce for deposition a witness who is generally knowledgeable about the design, function and testing of the passenger front airbag system in the 2009 Chevrolet Aveo.

**AREA OF INQUIRY NO, 7:** Any and all design and/or manufacturing changes to the occupant presence sensing system in the Chevrolet Aveo in the past ten (10) years.

**RESPONSE TO AREA OF INQUIRY NO. 7:** GM LLC does not understand the term "manufacturing change." GM LLC will produce for deposition a witness who is generally

4

knowledgeable about design changes to the occupant presence sensing system in the front passenger seat in the vehicles identified in the Passenger Front Airbag Scope.

GM LLC otherwise objects to this area of inquiry because it is overly broad, not properly limited in time or vehicle scope, and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 8:** Any and all design and/or manufacturing changes to the front passenger airbag system in the Chevrolet Aveo in the past ten (10) years.

**RESPONSE TO AREA OF INQUIRY NO. 8:** GM LLC does not understand the term "manufacturing change." GM LLC will produce for deposition a witness who is generally knowledgeable about design changes to the passenger front airbag system in the vehicles identified in the Passenger Front Airbag Scope.

GM LLC otherwise objects to this area of inquiry because it is overly broad, not properly limited in time or vehicle scope, and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 9:** The design and function of the front and rear seat anchorages in the subject vehicle.

**RESPONSE TO AREA OF INQUIRY NO. 9:** GM LLC will produce for deposition a witness who is generally knowledgeable about the design and function of the front seat anchorages in the 2009 Chevrolet Aveo.

Plaintiffs have not alleged any defect in the rear seat anchorages in the 2009 Chevrolet Aveo. GM LLC therefore objects to this area of inquiry, as it relates to the rear seat anchorages, because it is overly broad and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 10:** The testing of the front and rear seat anchorages in the subject vehicle, including but not limited to those contained at Bates Browne000000486-559.

**RESPONSE TO AREA OF INQUIRY NO. 10:** GM LLC will produce for deposition a witness who is generally knowledgeable about the testing of the front seat anchorages in the 2009 Chevrolet Aveo.

The documents contained at Bates Range BROWNE000000486- BROWNE000000559 relate to the testing of the rear seat anchorages conducted in connection with GM LLC's FMVSS 207 compliance testing. Plaintiffs have not alleged any defect in the rear seat anchorages in the 2009 Chevrolet Aveo. GM LLC therefore objects to this area of inquiry, as it relates to the rear seat anchorages, because it is overly broad and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 11:** The testing of the seat moment testing, including but not limited to those contained at Bates Browne000000563-630.

**RESPONSE TO AREA OF INQUIRY NO. 11:** The documents contained at Bates Range BROWNE000000563- BROWNE000000630 relate to the testing of the rear seat conducted in connection with GM LLC's FMVSS 207 compliance testing. Plaintiffs have not alleged any defect in the rear seat in the 2009 Chevrolet Aveo. GM LLC therefore objects to this area of inquiry because it seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 12:** The design and function of the front and rear seat belt anchorages in the subject vehicle.

**RESPONSE TO AREA OF INQUIRY NO. 12:** Plaintiffs have stipulated that Jeaneisha McFarlane was not wearing her seat belt at the time of the accident. GM LLC has stipulated that Shenika Gore was wearing her seat belt at the time of the accident. In addition, Plaintiffs have not alleged any defect in the front or rear seat belt anchorages in the 2009 Chevrolet Aveo. GM LLC objects to this area of inquiry because it is overly broad and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 13:** The testing of the front and rear seat belt anchorages in the subject vehicle, including but not limited to those contained at Bates Browne000000631-757 and Browne000001475-2135.

**RESPONSE TO AREA OF INQUIRY NO. 13:** Plaintiffs have stipulated that Jeaneisha McFarlane was not wearing her seat belt at the time of the accident. GM LLC has stipulated that Shenika Gore was wearing her seat belt at the time of the accident. In addition, the documents contained at Bates Range BROWNE000000631- BROWNE000000757 relate to the testing of the front and

rear seat belt anchorages conducted in connection with GM LLC's FMVSS 207 compliance testing. The documents contained at Bates Range BROWNE000001475- BROWNE0000002153 relate to the testing of the front and rear seat belt anchorages conducted in connection with GM LLC's FMVSS 210 compliance testing. Plaintiffs have not alleged any defect in the front or rear seat belt anchorages in the 2009 Chevrolet Aveo. GM LLC therefore objects to this area of inquiry because it is overly broad and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 14:** Seat rearward moment testing for the subject vehicle, including but not limited to those contained at Bates Browne000000758-813.

**RESPONSE TO AREA OF INQUIRY NO. 14:** The documents contained at Bates Range BROWNE00000758- BROWNE0000000813 relate to the seat moment tests conducted in connection with GM LLC's FMVSS 207 compliance testing. GM LLC will produce for deposition a witness who is generally knowledgeable about the front seat moment testing of the 2009 Chevrolet Aveo.

Plaintiffs have not alleged any defect in the rear seat in the 2009 Chevrolet Aveo. GM LLC therefore objects to this area of inquiry, as it relates to the rear seat, because it is overly broad and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 15:** The design and function of the front and rear seat restraining devices in the subject vehicle.

**RESPONSE TO AREA OF INQUIRY NO. 15:** GM LLC will produce for deposition a witness who is generally knowledgeable about the design and function of the front seat restraining devices in the 2009 Chevrolet Aveo.

Plaintiffs have not alleged any defect in the rear seat restraining devices in the 2009 Chevrolet Aveo. GM LLC therefore objects to this area of inquiry, as it relates to the rear seat restraining devices, because it is overly broad and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 16:** The testing of the front and rear seat restraining devices in the subject vehicle, including but not limited to those contained at Bates Browne000000814-875, and Browne000002142-2153.

**RESPONSE TO AREA OF INQUIRY NO. 16:**  The documents contained at Bates Range BROWNE00000814- BROWNE0000000875 and BROWNE00002142- BROWNE0000002153 relate to the seat restraining device test conducted in connection with GM LLC's FMVSS 207 compliance testing. GM LLC will produce for deposition a witness who is generally knowledgeable about the testing of the front seat restraining device in the 2009 Chevrolet Aveo.

Plaintiffs have not alleged any defect in the rear seat restraining device in the 2009 Chevrolet Aveo. GM LLC therefore objects to this area of inquiry, as it relates to the rear seat restraining devices, because it is overly broad and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 17:**  The testing of the seat belt anchorages, including but not limited to those contained at Bates Browne000000876-1278.

**RESPONSE TO AREA OF INQUIRY NO. 17:**  The documents contained at Bates Range BROWNE000000876- BROWNE000001278 relate to the testing of the seat belt anchorages conducted in connection with GM LLC's FMVSS 207 compliance testing. Plaintiffs have not alleged any defect in the seat belt anchorages in the 2009 Chevrolet Aveo. GM LLC objects to this request because it is overly broad and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 18:**  All produced GM Evaluation Reports pertaining to the subject vehicle.

**RESPONSE TO AREA OF INQUIRY NO. 18:** GM LLC will produce for deposition a witness who is generally knowledgeable about the produced GM Evaluation Reports related to testing of the front seats in the 2009 Chevrolet Aveo. GM LLC will also produce for deposition a witness who is generally knowledgeable about the produced GM Evaluation Reports related to testing of the passenger front airbag and occupant presence sensing system in the front passenger seat in the 2009 Chevrolet Aveo.

GM LLC otherwise objects to this area of inquiry because it is overly broad, unduly burdensome and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 19:** All produced Test Reports pertaining to the subject vehicle.

**RESPONSE TO AREA OF INQUIRY NO. 19:** GM LLC will produce for deposition a witness who is generally knowledgeable about the produced Test Reports related to the testing of the front seats in the 2009 Chevrolet Aveo. GM LLC will also produce for deposition a witness who is generally knowledgeable about the produced Test Reports related to the testing of the passenger front airbag and occupant presence sensing system in the front passenger seat in the 2009 Chevrolet Aveo.

GM LLC otherwise objects to this area of inquiry because it is overly broad, unduly burdensome and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 20:** Engineering Judgment Letters regarding compliance with specified standards for the subject vehicle.

**RESPONSE TO AREA OF INQUIRY NO. 20:** GM LLC will produce for deposition a witness who is generally knowledgeable about the Engineering Judgment Letters regarding FMVSS 201 and FMVSS 207 compliance applicable to the 2009 Chevrolet Aveo. GM LLC will also produce for deposition a witness who is generally knowledgeable about the Engineering Judgment Letters regarding FMVSS 208 compliance applicable to the 2009 Chevrolet Aveo.

GM LLC otherwise objects to this area of inquiry because it is overly broad, unduly burdensome and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 21:** NAO Procedure Development/Validation for occupant protection.

**RESPONSE TO AREA OF INQUIRY NO. 21:** To the extent that Plaintiffs' area of inquiry relates to the document produced at Bates Range BROWNE000002156- BROWNE000002161, GM LLC will produce for deposition a witness who is generally knowledgeable about GMN0052TP Occupant Protection – Seat Back Impacts.

GM LLC otherwise objects to this area of inquiry to the extent it is vague, overly broad, not limited in time or vehicle scope, and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 22:**  GM Worldwide Engineering Standards Test Procedures, including but not limited to the GM Worldwide Engineering standards produced at Bates Browne000002171-2342 and Browne000002374-2579.

**RESPONSE TO AREA OF INQUIRY NO. 22:**  GM LLC will produce for deposition a witness who is generally knowledgeable about GM Worldwide Engineering Standards Test Procedures applicable to the testing of the front seats in the 2009 Chevrolet Aveo. GM LLC will also produce for deposition a witness who is generally knowledgeable about GM Worldwide Engineering Standards Test Procedures applicable to the testing of the passenger front airbag and occupant presence sensing system in the front passenger seat in the 2009 Chevrolet Aveo.

GM LLC otherwise objects to this area of inquiry because it is overly broad, unduly burdensome, not limited in time or vehicle scope, and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 23:**  General Motor's Product Program Content.

**RESPONSE TO AREA OF INQUIRY NO. 23:**  GM LLC will produce for deposition a witness who is generally knowledgeable about the portions of General Motor's Product Program Content applicable to the front seats in the 2009 Chevrolet Aveo. GM LLC will also produce for deposition a witness who is generally knowledgeable about the portions of General Motor's Product Program Content applicable to the passenger front airbag and occupant presence sensing system in the front passenger seat in the 2009 Chevrolet Aveo.

GM LLC otherwise objects to this area of inquiry because it is overly broad, unduly burdensome, not limited in time or vehicle scope, and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 24:**  Any and all Final Reports to the Performance Assessment Committee (PAC), including any and all PAC Report Supplements for the 2007 T-Car/Chevrolet Aveo.

**RESPONSE TO AREA OF INQUIRY NO. 24:** GM LLC will produce for deposition a witness who is generally knowledgeable about the portions of the Final Reports to the Performance Assessment Committee ("PAC") applicable to the front seats in the 2009 Chevrolet Aveo. GM LLC will also produce for deposition a witness who is generally knowledgeable about the portions of the Final Reports to the Performance Assessment Committee ("PAC") applicable to the passenger front airbag and occupant presence sensing system in the front passenger seat in the 2009 Chevrolet Aveo.

GM LLC otherwise objects to this area of inquiry because it is overly broad, unduly burdensome, not limited in vehicle scope, and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 25:** Any and all Final Reports to the Performance Assessment Committee (PAC), including any and all PAC Report Supplements for the 2009 T-Car/Chevrolet Aveo.

**RESPONSE TO AREA OF INQUIRY NO. 25:** GM LLC will produce for deposition a witness who is generally knowledgeable about the Final Reports to the Performance Assessment Committee ("PAC") applicable to the front seats in the 2009 Chevrolet Aveo. GM LLC will produce for deposition a witness who is generally knowledgeable about the Final Reports to the Performance Assessment Committee ("PAC") applicable to the passenger front airbag and occupant presence sensing system in the front passenger seat in the 2009 Chevrolet Aveo.

**AREA OF INQUIRY NO. 26:** The 2009 T-Car/Chevrolet AVEO Passenger Sensing System (IEE OC System) Final Performance Peer Review.

**RESPONSE TO AREA OF INQUIRY NO. 26:** GM LLC will produce for deposition a witness who is generally knowledgeable about the 2009 T-Car/Chevrolet AVEO Passenger Sensing System (IEE OC System) Final Performance Peer Review.

**AREA OF INQUIRY NO. 27:** All applicable FMVSS standards.

**RESPONSE TO AREA OF INQUIRY NO. 27:** GM LLC will produce for deposition a witness who is generally knowledgeable about FMVSS 201 and FMVSS 207 standards applicable to the 2009

11

Chevrolet Aveo. GM LLC will also produce for deposition a witness who is generally knowledgeable about FMVSS 208 standards applicable to the 2009 Chevrolet Aveo.

GM LLC otherwise objects to this area of inquiry because it is overly broad, unduly burdensome, not limited in time or vehicle scope, and seeks testimony not relevant to any claim or defense in this case.

**AREA OF INQUIRY NO. 28:** GMUTS Procedure Development/Validation pertaining to the subject vehicle for the safety belts, passive restraints, and/or supplemental inflatable restraints (air bags).

**RESPONSE TO AREA OF INQUIRY NO. 28:** GM LLC will produce for deposition a witness who is generally knowledgeable about General Motors Test Procedures applicable to the testing of the front seats in the 2009 Chevrolet Aveo. GM LLC will also produce for deposition a witness who is generally knowledgeable about General Motors Test Procedures applicable to the testing of the passenger front airbag and occupant presence sensing system in the front passenger seat in the 2009 Chevrolet Aveo.

Plaintiffs have not alleged any defect in the seat belts in the 2009 Chevrolet Aveo. GM LLC therefore objects to this area of inquiry, as it relates to seat belts, because it is overly broad and seeks testimony not relevant to any claim or defense in this case. GM LLC further objects to this request because it is not limited in time or vehicle scope.

Respectfully submitted,

Dated:  July 17, 2019

/s/ Paul Neil
**PAUL R. NEIL, ESQ.**
V.I. Bar No. 2027
pneil@barnesneil.com
**Barnes & Neil, LLP**
1131 King Street, 3rd Floor
P.O. Box 224589
Christiansted, VI 00822
Phone: (340) 773-2785
Fax:     (340) 773-5427

**Cheryl A. Bush, Esq.**
*Pro Hac Vice Admitted*
bush@bsplaw.com
**Bush Seyferth & Paige PLLC**
3001 W. Big Beaver Road, Ste. 600
Troy, MI  38084

***Attorneys for General Motors, LLC***

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via ECF filing on this 17th day of July 2019 upon the following:

Ryan W. Greene, Esq.
15-B Norre Gade
P.O. Box 1197
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00804
Telephone: (340) 715-5297
Fax: (888) 519-7138
ryan@ryan-greene.com

Jeffrey P. Goodman, Esq.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Telephone: (215) 575-2970
jgoodman@smbb.com

                                                                   /s/ Paul Neil